FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JAN 24  PM 4: 50

LORETTA G. WHYTE
     CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BLAKE M. CORNIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-9682** |
| **LOUISIANA BOARD OF PAROLE, ET AL.** | **SECTION "F" (6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.

Upon review of the entire record, the Magistrate Judge has determined that this matter can be disposed of without an evidentiary hearing. For the reasons which follow, the Magistrate Judge issues this Report and Recommendation in accordance with the applicable

___ Fee_____
___ Process_____
_X_ Dktd_____
_✓_ CtRmDep_____
___ Doc. No_____

law, hereby recommending that the instant application for federal *habeas corpus* relief be **DISMISSED.**

## PROCEDURAL HISTORY

Petitioner Blake M. Cornin is a state prisoner who was incarcerated in the Wade Correctional Center in Homer, Louisiana at the time the instant federal petition was filed. Cornin filed his federal habeas petition with this court on or about October 16, 2006, challenging the Louisiana Board of Parole's decision to incarcerate him for absconding from the State of Louisiana while he was under parole supervision. Specifically, Cornin claims that he is being falsely imprisoned and/or illegally incarcerated due to the fact that he evacuated from the state when ordered to due so by state officials before the onset of Hurricane Katrina. Cornin concedes in his petition that he has not taken the claim he currently seeks to litigate to the state courts, particularly the 19th Judicial District Court, nor has he attempted to exhaust the issue before the Louisiana Supreme Court.[1]

On November 14, 2006, this court issued an Order to petitioner Cornin requesting additional information in order to resolve his habeas corpus claims.[2] Petitioner was given until December 14, 2006 to correct the noted deficiencies. Petitioner was also clearly warned that failure to timely comply with the court's order could result in his habeas petition being

---

[1] See pages 5 and 6 of Cornin's federal petition, Fed. Rec. Doc. 1.

[2] See Fed. Rec. Doc. 4.

dismissed.[3]

Petitioner Cornin did not timely respond to this court's order nor has he responded to this date. Accordingly, a staff member of the undersigned Magistrate Judge contacted the penal institution where Cornin was being held to determine whether he was still incarcerated. According to the prison records office, "Inmate Blake Cornin was released to the street 11/22/2006 ..... He is currently under supervision w/ Probation & Parole, Leesville District..."[4]

Blake M. Cornin has never informed this court of any change of address, although required to do so by the Local Rules of this court.[5]

## SUBJECT MATTER JURISDICTION/MOOTNESS

To be eligible for *habeas* relief, Cornin must be "in custody" and must have exhausted

---

[3]The State was not ordered to file a response to Cornin's petition in light of the noted deficiencies of the petition.

[4]See Facsimile Transmission dated January 3, 2007, attached to this Report and Recommendation.

[5]Local Rule 41.3.1E, which provides:

**LR41.3.1E Dismissal for Failure to Provide Notification of Change of Address**
> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The court notes that a copy of this Report and Recommendation will be sent to the address which was provided to this court by the record office of Wade Correctional Center.

his available state remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987).[6] The United States district courts only have jurisdiction over *habeas* petitioners who are "in custody in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989)(quoting 28 U.S.C. §2241(c)(3) and 28 U.S.C. §2254(a)). Whether a petitioner is "in custody" is determined based upon the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238; *Port*, 764 F.2d at 425.

Cornin was in custody at the Wade Correctional Institute at the time his federal habeas petition was originally filed. Accordingly, jurisdiction attached at that time, despite the subsequent release of petitioner to the street. Accordingly, the court finds that it has subject matter jurisdiction over Cornin's petition as Cornin was "in custody" for purposes of 28 U.S.C. §2254(b)(1).

The question to be addressed thus becomes whether Cornin's federal *habeas* petition has been rendered moot as a result of his release from incarceration. In his federal habeas petition, Cornin appears to be seeking only his release from allegedly wrongful incarceration.

---

[6] Petitioner has conceded that he failed to exhaust his habeas claims in the state courts. Thus in addition to the grounds for dismissal to be discussed elsewhere in this Report and Recommendation, Cornin's petition is subject to dismissal based upon the lack of exhaustion.

4

He also indicates that he is pursuing a civil suit for damages in the state courts via a different legal proceeding.[7] Therefore, since Cornin has been released, no further federal habeas relief is available for Cornin and there is no longer a case-or controversy present, as required under Article III, Section 2, of the Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... The parties must continue to have a 'personal stake in the outcome' of the lawsuit. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, 110 S.Ct. 1249, 1254, 108 L.Ed.2d 400 (1990)(citations omitted). *See also, Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)(Inmate's petition challenging unconstitutional parole procedures rendered moot after petitioner completed his sentence); *Holley v. Andraschko*, 2003 WL 22407416 (10th Cir., October 22, 2003)(Since the traditional function of the writ of habeas corpus is to secure release from illegal custody, habeas petition became moot when petitioner was released.)

The court also is not aware of any collateral consequences which petitioner will suffer sufficient to defeat the mootness of this action. Petitioner was released from incarceration on November 22, 2006 and has never attempted to contact this court with regard to whether he desires to maintain this action nor has he provided this court with a change of address. Without an argument from petitioner, the court is unwilling to presume that he will suffer from any collateral consequences resulting from the dismissal of his petition. *See Spencer*,

---

[7] In his answer to question 5, page 2 of his form petition, Cornin indicates as supporting facts that the Constitution guarantees his right to be "free at liberty in public society". On page 4, in his answer to question 7, Cornin mentions his pursuit of damages in a civil lawsuit in state court.

523 U.S. at 13, 118 S.Ct. at 986 (Collateral consequences will not be presumed). Therefore, based upon the foregoing, IT IS RECOMMENDED that Cornin's habeas petition be DISMISSED as MOOT.

### FAILURE TO COMPLY WITH COURT ORDER'S ORDER DATED NOVEMBER 14, 2006.

Cornin's federal habeas petition is also subject to dismissal based upon his failure to comply with this court's Order dated November 14, 2006. The court's Order was never returned to this court as undeliverable, thus it appears that petitioner received a copy of the Court's Order and chose to disregard it. Petitioner was ordered to provide this court with additional information regarding his crime of conviction, the parish entering the judgment of conviction, the date of his conviction, the type of plea entered and the sentence imposed. Petitioner was also ordered to provide the court with particulars regarding his alleged parole revocation and his attempts to exhaust his claims in the state court. Petitioner was also notified that his petition was subject to dismissal if this information was not forthcoming. Without the requested information, petitioner's habeas application is deficient and his claims cannot be resolved. Accordingly, IT IS FURTHER RECOMMENDED that petitioner's federal habeas be dismissed due to his failure to pursue his case and his disregard of this court's Order.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the petition for issuance of writ of habeas corpus filed by Blake M. Cornin be DISMISSED WITH PREJUDICE AS

MOOT. Alternatively, the petition should be DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's Order and for failure to exhaust the claims raised.[8]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 24th day of January, 2007.

LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

**Clerk to Notify petitioner
Blake M. Cornin at both
Wade Correctional Center and at
Highway 115, Box 13191, Braithwaite, LA 70040**

---

[8] See footnote 1 herein for reference to petition where Cornin concedes that he has failed to exhaust his federal habeas claims.

# UNITED STATES DISTRICT COURT
# U.S. COURTHOUSE
# 500 POYDRAS STREET, NEW ORLEANS, LOUISIANA 70130

## FACSIMILE TRANSMISSION

**TO:** Sally

**FROM:** Rhonda Ehrlicher
Fax. No: (504) 589-7727
Phone No: (504) 589-7758

**DATE:** January 3, 2007

**RE:** Inmate Blake M. Cornin, #287920

---

As per our telephone conversation on this date, I am requesting that you confirm in writing that Blake Cornin was discharged from your facility to the street, including the date of discharge, and any forwarding address on record. If you need additional information from me, please do not hesitate to call.

Thank you for your assistance,

*Rhonda Ehrlicher*
Rhonda Ehrlicher
Pro Se Staff Attorney
United States District Court, Eastern District

*[Handwritten:]* Inmate Blake Cornin was released to the street 11/22/2006 — His address at the time was Hwy 115, Box 13191, Braithwaite, L. 70040 — He is currently under supervision w/ Probation & Parole, Leesville District. (Phone (337) 238-6427).

*Sally Dunn*
Records Office